**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3016
_____

JEFFREY BUTLER,
                    Appellant

v.

LIEUTENANT CONRAD LAMONT, individually and in his official
capacity as a corrections official;
JOHN/JANE DOE GUARDS #1-X; Individually, and in their
official capacities as Corrections Officers;
JOHN/JANE DOE SUPERVISORS #1-X,
Individually, and in their official capacities
as prison supervisory personnel;
TODD BUSKIRK, Individually, and his official
capacity as warden of Northampton County Prison;
ARNOLD MATOS, Individually and his official capacity
as Director of Corrections;
JOHN STOFFA, Individually and his official
capacity as county executive;
THE COUNTY OF NORTHAMPTON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-14-cv-03733)
District Judge: Honorable Edward G. Smith
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 19, 2018
_____

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*.

(Filed: July 26, 2018)

———————————

OPINION[*]

———————————

RESTREPO, *Circuit Judge*.

Jeffrey Butler appeals from the District Court's grant of summary judgment for the County of Northampton in Butler's Section 1983 suit. We will affirm.

**I**

As we write solely for the benefit of the parties, we set out only the facts necessary for the discussion that follows. Butler was incarcerated at Northampton County Jail ("NCJ") as a pre-trial detainee from May 17 to June 23, 2012. During that period, he began experiencing hallucinations, ultimately resulting in his removal to a suicide cell where medication was administered and his clothes were removed. An x-ray taken the following day showed no rib fractures. One day before his release from NCJ on June 23, 2012, Butler engaged in a physical altercation with his cell mate. Approximately two weeks after his release, an x-ray showed that Butler had broken ribs.

On June 17, 2014, Butler filed a complaint against the County of Northampton and various individuals employed at NCJ alleging constitutional violations under 42 U.S.C. § 1983. The District Court granted summary judgment in favor of the defendants. Butler appealed. This Court affirmed the grant of summary judgment in favor of the individual defendants but reversed the grant of summary judgment in favor of the County with

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

instructions for the District Court to consider Butler's *Monell* claim. On remand, the District Court dismissed Butler's complaint on the grounds that Butler failed to show that his injuries resulted from a municipal policy or custom. This appeal followed.

**II**[1]

We review a district court's grant of summary judgment de novo. *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011). We affirm a district court's grant of summary judgment when, viewing all evidence and drawing all inferences in the light most favorable to the non-moving party, *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**III**

A local government entity may be held liable under § 1983 only when the plaintiff demonstrates that the government entity itself caused the plaintiff's injury through the implementation of a policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A failure to train employees may constitute a policy, practice, or custom where the failure amounts to deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Our Court has said that a policy is an official proclamation or edict of a municipality while a custom is a practice that is so "'permanent and well-settled' as to virtually constitute law." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we have appellate jurisdiction under 28 U.S.C. § 1291.

(quoting *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)). The plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) (alteration added) (quoting *City of Canton*, 489 U.S. at 385).

We agree with the District Court that, even assuming that Butler was able to show that his injury was a constitutional violation, he is unable to show that the violation resulted either from a decision officially adopted and promulgated or from a permanent and well-settled practice. *See Simmons v. City of Phila.*, 947 F.2d 1042, 1059-60 (3d Cir. 1991). Butler argues that the County's custom of failing to properly train or supervise its corrections officers caused his injury. Specifically, Butler asserts that the evidence he presented, in the form of newspaper articles and prior cases against the County of Northampton alleging misconduct at NCJ, was sufficient to show a custom of constitutional violations of which policymakers in Northampton had constructive knowledge. However, almost all of the incidents documented in the cases and articles, which include inmate-on-inmate attacks, a toxic mold infestation and a contraband smuggling operation, are irrelevant to Butler's claim that correctional officers attacked him while he was a pretrial detainee at NCJ. Nor has Butler presented any evidence of NCJ training policies sufficient to allege a claim of deliberate indifference. Because we find that Butler failed to show a municipal custom sufficient to warrant *Monell* liability, we need not address the issue of causation. The District Court properly granted summary judgment.

4

**IV**

For the foregoing reasons, we will affirm the judgment of the District Court.